UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNTAE ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00750-GCS |
| | ) |
| MICHAEL MOLDENHAUER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. 79). Plaintiff, Shauntae Robertson ("Robertson"), filed the Motion for Preliminary Injunction on September 5, 2024. *Id.* Defendant, Michael Moldenhauer ("Moldenhauer"), filed a Response in Opposition to Plaintiff's Motion for Preliminary Injunction on September 17, 2024. (Doc. 80). For the reasons delineated below, Plaintiff's Motion for Preliminary Injunction is **DENIED**. [1]

### BACKGROUND

Plaintiff Robertson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center[2] ("Menard"), brings this action

---

[1]  No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion/complaint and reply that he is not entitled to the relief requested in this matter.

[2]  In Plaintiff's Motion for Preliminary Injunction, he claims that he was transferred to Western Illinois Correctional Center. (Doc. 79, p. 1). However, Plaintiff has not updated his address with the Court. The Court reminds Plaintiff that "all petitioners or plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change

pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges in June 2021 that he was lifting weights during yard time when he experienced sudden pain in his shoulder. (Doc. 1, p. 12). Plaintiff asserts that Defendant Moldenhauer, a nurse practitioner at Menard, was deliberately indifferent in treating his shoulder pain because he provided him with inadequate pain medication.[3] *Id.*

In Plaintiff's Motion for Preliminary Injunction, Plaintiff claims that he was "excessively beaten and sprayed with mace" on August 6, 2024, after allegedly reporting a staff assault at Menard. (Doc. 79, p. 1). Plaintiff indicates that he was subsequently transferred to Western Illinois Correctional Center ("Western") following the alleged incident. *Id.* On August 13, 2024, Plaintiff underwent x-rays for the injuries he sustained and was told that his "x-rays were negative." *Id.* Plaintiff claims that he was never given any pain medication for his neck, chest, shoulder, or bruised ribs. *Id.* He states that his ribs are still "in great pain" and that he has "trouble breathing." *Id.* He also asserts that he hears a bone pop in his neck when he turns his head and that he has been experiencing headaches and blurred vision. *Id.*

---

in their location." SDIL L.R. 3.1(b)(2). "This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to do so man result in dismissal of the case or other sanctions." *Id.*

[3]   Plaintiff's Complaint also included Eighth Amendment deliberate indifference claims against Defendant Dearmond, Maryanne and King as well as an Americans With Disabilities Act ("ADA") and Rehabilitation Act claim. (Doc. 1). However, Plaintiffs claims under the ADA and Rehabilitation Act were dismissed without prejudice for failure to state a claim. (Doc. 8, p. 6). Plaintiff's claim against Defendant Maryanne was dismissed because he failed to allege that Maryanne was acting in a treatment capacity. *Id.* at p. 5. Plaintiff's claims against Dearmond and King were dismissed without prejudice at the exhaustion of administrative remedies stage. (Doc. 56, p. 20).

Unrelated to the alleged August 6, 2024, assault, Plaintiff indicates that he has been without his glaucoma medication for approximately one month. (Doc. 79, p. 1-2). The medication was not in his property when he was transferred to Western. *Id.* at p. 2. He also complains about his conditions of confinement at Western. Plaintiff states that he was "placed behind a steel door with no kind of ventilation" and that it is hard for him to breathe due to his history of asthma. *Id.* He claims that "strong dust" is coming from the steel door. *Id.* Plaintiff also complains that the cells are "filt[hy]" with the walls covered in dried mace, black mold, and rust. *Id.*

## LEGAL STANDARDS

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, a moving plaintiff must demonstrate: (1) a reasonable likelihood of success; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-816 (7th Cir. 2000); *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, Case No. 19-cv-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, Case No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D.

Ill. May 8, 2018) (internal citations omitted)). If injunctive relief is warranted in this case, the Prison Litigation Reform Act also provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm" and "be the least intrusive means to correct that harm." 18 U.S.C. § 3626(a)(2).

## DISCUSSION

Defendants argue that Plaintiff has failed to meet his burden of proof for a preliminary injunction and the Court agrees. (Doc. 80, p. 2-3).

Here, Plaintiff may not proceed because regardless of the potential merit of his underlying claims or the likelihood of irreparable harm, the relief Plaintiff seeks does not relate to his underlying claims in the present lawsuit. *See, e.g.*, *Sangster v. Nicole*, Case No. 23-cv-2581-MAB, 2024 WL 1961903, at *3 (S.D. Ill. May 2, 2024) (denying plaintiff's claim for injunctive relief when plaintiff's allegations did not relate to the underlying claim which focused on a single specific dated incident); *Williams v. Wexford Health Services*, Case No. 3:22-cv-02476-GCS, 2024 WL 1637543, at *1 (S.D. Ill. April 16, 2024) (finding that Plaintiff's allegations of retaliation for filing his lawsuit were distinct from the facts of his underlying case). This is in line with the purpose of a preliminary injunction, which is meant "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camensich*, 451 U.S. 390, 395 (1981). A motion for preliminary injunction is not meant to be used as a vehicle to air new allegations and claims.

In his Motion for Preliminary Injunction, Plaintiff informed that Court that he had been transferred to Western after an alleged staff assault that occurred on August 6, 2024. (Doc. 79, p. 1). Plaintiff also complained about his conditions of confinement at the new

facility and that he had not been provided his glaucoma eye drops since he was transferred. *Id.* at p. 1-2. These allegations do not in any way concern the medical care provided by Defendant Moldenhauer for Plaintiff's June 2021 shoulder injury, which is the subject of Plaintiff's present lawsuit. Accordingly, Plaintiff's Motion for Preliminary Injunction is **DENIED**.[4]

    **IT IS SO ORDERED.**

    **DATED: October 21, 2024.**

Digitally signed by Judge Sison
Date: 2024.10.21 13:51:44 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[4] To the extent that the allegations contained in Plaintiff's Motion relate to new incidents not being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.